Our fourth case for this morning is Klein and Xyadakis against O'Brien and lots of other defendants. May it please the court, Judge Wood, Judge Easterbrook, Judge Barrett. Only subject matter jurisdiction should have been briefed and it really should be the only issue that's on appeal. Even the district court said that we're only going to brief the jurisdictional issue. And even the defendant stated that's what should be briefed. And the opinion itself states it was dismissed because Mr. Klein could not state a claim on the merits. But once the district... Judge Wood Indeed, that's why I'm so puzzled by your brief. You proceed as if the district judge had dismissed for lack of jurisdiction, and it didn't. All of your arguments seem, I must say, entirely beside the point. One has to address the grounds on which the district court actually decided the case. Do you have anything to say about those grounds? Judge O'Brien Your Honor, the problem I have is that if, in fact, the court disagrees with me and goes into the merits of the issues, then I waive them. I don't think the court can do that. I don't think the district court should... Now, you may say it shouldn't have, but it did. This was not a jurisdictional dismissal. It was a dismissal for failure to have a good claim on the merits. Judge Wood But you can't go into subject claim on the merits simply by saying, let's assume that we have jurisdiction. That's that hypothetical jurisdiction doctrine. Judge O'Brien I think the district court was doing something rather different from that. That, of course, is right. There's no hypothetical jurisdiction. Steel companies so holds. But I think the district court thought that there was enough of this case that was willing to take the state court judgments as a given that then now one moves on. That's not Rooker-Feldman. Rooker-Feldman, as the court explained in Saudi Basic Industries, requires an attack on the state court judgment somehow. And I'm not saying that that's the whole case, but there was enough of the case, the district court thought, that fell outside the boundaries of Rooker-Feldman that he thought it wise to go on and look at the merits, which he did and found, as Judge Easterbrook has said, a failure to state a claim. But your honor, it's rather unfair to say we're going to brief only the subject matter jurisdiction. And your brief goes on and on. Rooker-Feldman did not apply. Rooker-Feldman does not bar. Rooker-Feldman, you know, so you don't think Rooker, you agree with the district court judge. You think that indeed most of this case is not covered by Rooker-Feldman. So that, I guess that's why I was mystified about the strategy of the brief, because it looked to me like you won in the district court and then wanted to come up here and confirm that or something. I don't know. But your honor, I can't see that you can simply say it's not a subject, it may be a subject matter jurisdiction. But why did you want a section of the district court's opinion that discussed Rooker-Feldman and that ended up saying Rooker-Feldman doesn't apply, which is the position you're taking, that Rooker-Feldman, am I correct? You don't think it applies either. Right. So if this court thought it did apply, it's a question of subject matter jurisdiction and we would be obliged to reach that. But surely as a matter of your own briefing, telling us why you are presenting something that states a claim on which we could grant some meaningful relief wouldn't have been a bad idea. But your honor, the problem is that if he's going to say it doesn't state a claim based on what? If it's a release issue, then those are issues that are evidentiary. They're not at the pleading stage, especially here where we don't even have a settlement and release. If it's a preclusion issue, then you need to produce something, some sort of judgment. You could have briefed that. We see plenty of briefs on appeal from 12b6 dismissals and there's a certain standard and you say the district court shouldn't have dismissed because, you know, whatever. There's enough to go forward. I believe I did that in the alternative, your honor, in both of the briefings stating that in fact if there was jurisdiction then res judicata or release doesn't apply. And those issues weren't ones that should have been decided at this stage of the proceedings, especially when the district court itself said we're only going to decide subject matter jurisdiction first. So I'm not clear why I can be put in that sort of box where the defendants agree with it and then when the dismissal order comes out it says well we've gone on to a 12b6 motion to dismiss and by the way I've looked at all of these other opinions and cases and I've decided by taking judicial notice that it should be dismissed on those grounds. Those were issues that we should have had an opportunity to brief and we were not allowed to do so. But you know that sounds to me, I mean I don't mean to be frivolous about this, but it sounds to me like an argument that you haven't had enough time yet to develop your position in this case. In this case, if it suffers from anything, it's too much process. It's not enough. Your honor, as you know, usually the victors are the ones that write history and unfortunately with some of the opinions, the opinions contain facts which are only part of the case. I mean you will not see an opinion where the district court of Colorado stayed the case for something like 10 years of course because that doesn't want to be stated. You won't see opinions where the district court in Colorado said Christina Zavonka's damages are not part of this case because that didn't make it into an opinion. So of course the opinions are written to support the position that they have. This case was probably stayed for most of the time that it was proceeding and there was nothing I don't think wrong with that and I mean really it was filed in 2002. I think the dismissal out of Colorado for lack of subject matter jurisdiction was 2014. I mean one has to wonder what's going on there for 12 years that all of a sudden there's a subject matter jurisdictional issue. You know you can't say this person had his day in court down there because in fact if you look at the docket, most of the time it was stayed down there and then it was dismissed for lack of subject matter. But the issue before Judge Leinenweber really was much more narrow than this long and unfortunate history of this litigation. There was a probate proceeding in the appropriate court in Cook County. There was an appointed administrator for reasons that I don't understand. Your client didn't want to participate in the distribution phase of that so he didn't. So the court resolved the case. It just seems it's very hard for me to get my head around what role the federal court has in any of this. But your honor the problem is that in fact what they did was even the state court complaint specifically disclaims Mr. Kline's interests. But Judge Kirby later invites and invites Mr. Kline to come in and make his case for some share of the proceeds and Mr. Kline doesn't do it. But your honor his interests need to be protected even before that. Why? Because he's not in privity of course with the administrator and the courts have said that. There are lots of people who are not in privity with the administrator. Well the administrator also has a conflict at this point too because the administrator also has her own personal injury claims. And that is not at all uncommon in probate proceedings that the person who's appointed executor or administrator is also somebody with an interest in the estate. That's why the judge has a hearing. That's why there's judicial supervision much like class actions or other things. I would agree with you but they're beneficiary. This isn't just I'm a beneficiary under the wrongful death act. This is also I have my own personal injury claims outside the wrongful death act. So then what happens is you shovel all of the money to your own personal injury claims so they don't have to be divvied up amongst the beneficiaries. And that's exactly what happened here. And why is it now that we are barred from going after the administrator's attorney at least and the defendants to say what you did was you basically funneled all of the money in this case to one person and didn't give it to the other. And those claims are simply malpractice. They're interference claims. Here it's a 1983 claim. We can state a claim on the merits to show that. Who represented Mr. Klein's interests over there? Nobody seems to say over who represented his interests. If the attorney and the administrator have a fiduciary duty to him and it's not just by the way we settled your claims come on in now. It was to let him know that they were planning to do it. And the problem you have also your honor is he's entitled also to prove up his damages because what the beneficiaries want to do is make the pot as big as possible. So all the beneficiaries get to participate not only in distribution but also in putting on their damages for settlement. Okay you're using up all of your time so if you want to wait. I will wait for you. Thank you. Thank you. Mr. Van Swoll. Thank you your honor. May it please the court. Despite the convoluted 15 year history of the litigation that led to this appeal the issue before this court is simple. We believe that the district court was correct in dismissing Mr. Klein's suit whether that approach is made under. I would say counsel I'm as puzzled about your brief as I am about the appellants because you too seem to think that the district court dismissed for lack of subject matter jurisdiction. Your honor I understand that your clients made a motion in the district court to dismiss for lack of jurisdiction but that's not what the judge did. Why aren't the parties addressing what the judge did. Your honor I do believe that Judge Leonard Weber's ruling contains elements of the Rooker-Feldman argument that we made. If you look for instance at page 21 of the opinion the court said the answer to Klein's effort to rescue his case lies with the state courts and on that point the judge. That has nothing to do with the Rooker-Feldman doctrine. Your honor. It has to do with a very old principle that you when you believe a judgment was obtained by fraud or other misconduct you file a motion in the rendering court right. That's a very old doctrine but that's not the Rooker-Feldman doctrine. Well your honor I do believe that whether the case is analyzed. I appreciate that your brief spends all of two pages addressing the merits but normally we expect both the appellant and the appellee to engage with what the district court has done rather than talk at length about what they wish the district court had done. Your honor we do believe that if the court were to analyze it under a rule 12b6 analysis based on failure to state a claim we still believe that the dismissal of the case was correct. We don't believe that there are any facts alleged in the first amendment complaint on which Mr. Klein could state a cause of action either for a violation of due process or for a violation of his equal protection rights. We believe as Judge Lein and Weber held that Mr. Klein received more than adequate procedural safeguards in the course of the 15 years of state court litigation that he is now seeking to challenge. He has had every opportunity in the underlying suit whether that was through the allocation and dependency segment of the case when he was able to notice and was invited to participate but refused for reasons not only him and perhaps his counsel. He also had the opportunity to bring appeals from the court's rulings on dependency and allocation and he did in fact file such appeals but he voluntarily dismissed one of them and he allowed the others to be dismissed for one prosecution. As Judge Lein and Weber said any remedy that he has was in the state court and he did pursue those remedies to some extent. His remedies were never meant to be in front of Judge Lein and Weber or the course of the United States. If the court has any specific questions regarding the procedural history of the case or any of the specific. I take it our jurisdiction as far as we're concerned is based on 1983 on some theory of conspiracy with the state judge. That's what's alleged your honor. To get the state action or is there diversity also? It's not alleged. No I don't recall any allegations in the district court your honor. Mr. Zydekis being a plaintiff as well I think would potentially complicate that analysis. I don't know his citizenship your honor. What state? Mr. Klein I understand is a foreign national and I don't recall the status if he had also applied for citizenship and what state he would consider a citizen of if he had done so. Okay that's fine I just wondered. I see no other questions is that right? All right so thank you very much. Thank you. You have about a minute Mr. Zydekis. Your honor this court has always said that it reviews judgments not opinions and it should review the judgment of the court and the judgment should be one for subject matter jurisdiction. Where do we see that? I was a little worried about that because despite circuit rule 30 which requires appellants to include the judgment in their appendix there's no judgment in your appendix. I apologize your honor but clearly there's a transcript and the judgment in the proceedings. Transcript is not a judgment. The judgment is there that says let's brief the jurisdictional issue first. Let's get that out of the way. That has nothing to do with judgment. That's a preliminary order setting a briefing schedule. But your honor. Do you know what a judgment is? I do your honor but it's rather it's unfair. Why is it not in your brief as you certified it was? I apologize your honor that I would I missed that but your honor the jurisdictional issue was the only thing that should be decided and should have been decided and that's what the district court told us and I don't know how all of a sudden they can change it and say well it's a decision on the merits. We were never allowed to brief a decision on the merits. Instead they specifically told us keep it to the jurisdictional issues. Now what should have happened he should have said perhaps we have jurisdiction let's go to the 12b6 motions and you can but we were never allowed that. We're kind of put in some sort of catch-22 where we said keep the briefing at this and then at the end supposedly there's a difference of opinion and as your honor knows you're not allowed to do that. You're not to say well I'm assuming I have jurisdiction but I'm going to go on to the 12b6 even though the parties haven't briefed that as well. Your honor I ask that you simply remand the case then back down and let the parties have a chance then of at least briefing the 12b6 issues if those are the ones that need to be raised. Okay thank you very much. Thank you your honor. Thanks to both counsel. We'll take the case under advice.